# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RYAN STEVENSON,** | ) | **CASE NO. 4:20 CV 1009** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **MARK WILLIAMS, WARDEN,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner Ryan Stevenson, a federal inmate at FCI Elkton (Elkton), has filed an "Emergency Petition for Declaratory Judgment, Injunction Specificity, and Request for Specific Enlargement." (Doc. No. 1.) He seeks release from his incarceration to "home confinement, supervised release, or non-transfer furlough" on the basis of COVID-19 circumstances present at Elkton. (*Id*. at 3.) The Petition is construed as brought under 28 U.S.C. § 2241. Petitioner has now paid the filing fee.

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Petition is dismissed without prejudice.

First, Petitioner asserts in his Petition that he has already been or is expected to be identified as a member of the medically-vulnerable sub-class in the previously-filed, and still

pending, § 2241 action pertaining to COVID-19 circumstances at Elkton. *See* Doc. No. 1 at 1; *Wilson, et al. v. Williams, et al.*, No. 4: 20 CV 0079 (N.D. Ohio). The court finds this Petition is subject to dismissal because it is essentially the same as the previously-filed, and still pending *habeas corpus* action. *See Davis v. U.S. Parole Com'n*, 870 F.2d 657, 1989 WL 25837, * 1 (6th Cir. March 7, 1989) (a district court may properly dismiss a *habeas* petition as duplicative, where the petition is "essentially the same" as a previously-filed pending petition).

Further, it is well settled that before a prisoner may seek *habeas corpus* relief under § 2241, he must first exhaust his administrative remedies within the Bureau of Prisons ("BOP"). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). It is apparent that Petitioner has not fully exhausted his claims regarding COVID-19 with the BOP. This court agrees with other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief under § 2241 due to COVID-19 circumstances. *See, e.g., Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542, at **2-3 (N.D. Ohio May 1, 2020) (Lioi, J.) (noting that the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID risk factors).

**Conclusion**

Accordingly, the Petition is dismissed, without prejudice to re-refiling upon a showing of appropriate circumstances, pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases

in the United States District Courts. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  *s/Dan Aaron Polster   June 22, 2020*
                                                  DAN AARON POLSTER
                                                  UNITED STATES DISTRICT JUDGE